PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:19CR489 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| GARY FRANTZ, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 58] |
| ) | |

Pending is Interested Party State Medical Board of Ohio ("the Medical Board")'s Motion to Quash Subpoena. ECF No. 58. Defendant Dr. Gary Frantz has filed a response in opposition. ECF No. 59. For the reasons explained below, the motion to quash is granted.

**I. Introduction**

Defendants Dr. Gary Frantz and Christopher Fulk were charged in a 242-count indictment. ECF No. 1. Count 1 of the Indictment alleges both defendants with participating in a conspiracy to distribute controlled substances from 2005 to 2017. *Id.* at PageID #: 8-16. Counts 2 and 3 allege that Christopher Fulk possessed and knowingly and intentionally distributed controlled substances. *Id.* at PageID #: 17. Counts 4 through 242 charge Dr. Frantz for prescriptions he provided in 2014 and 2015. *Id.* at PageID #: 17-30.

Pursuant to Dr. Frantz's *ex parte* motion, the Court issued a subpoena to the Medical Board requesting records related to the Medical Board's investigation of Dr. Frantz during 2004

(1:19CR489)

and related subsequent interactions with him in July 2005. ECF No. 45 [Sealed]. The Medical Board has moved the Court to quash the subpoena. ECF No. 58.

## II. Law and Discussion

Upon motion, the Court may quash a subpoena if it would be unreasonable or oppressive to comply with the subpoena. Fed. R. Crim. P. 17(c)(2). The Court considers whether: "(1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition." *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (citing *United States v. Nixon*, 418 U.S. 683, 699 (1974)). The evidence sought must be relevant, admissible, and specific. *United States v. Hills*, Case No. 1:16CR329, 2018 WL 3036195, at *2 (N.D. Ohio June 19, 2018) (Lioi, J.) (citation omitted). "Rule 17(c) authorizes the issuance of a subpoena for the production of documentary evidence at trial, but is not intended to be used for discovery." *United States v. Justice*, 14 F. App'x 426, 432 (6th Cir. 2001). The Court has discretion to quash a subpoena. *Hughes*, 895 F.2d at 1145.

First, internal investigation files, such as the ones sought here, are not "a proper subject for a Rule 17(c) subpoena." *United States v. Vassar*, 346 F. App'x 17, 24 (6th Cir. 2009); *see also Hills*, 2018 WL 3036195, at *3. Moreover, "internal documents are not required to be produced when the witness' testimony at trial provides the information in the documents." *Hughes*, 895 F.2d at 1146 (citing *United States v. Schultz*, 855 F.2d 1217, 1223 (6th Cir. 1998)). Furthermore, using the evidence obtained from a subpoena to impeach a witness is insufficient to

(1:19CR489)

require production of documents in advance of trial. *Hughes*, 895 F.2d at 1146 (citing *Nixon, 418 U.S. at 701*).

Next, the Court must also consider whether the documents sought meet the admissibility requirement. "To be admissible, the information must have a valid evidentiary use under the Federal Rules of Evidence." *United States v. Al-Amin*, No. 1:12-CR-50, 2013 WL 3865079, at *7 (E.D. Tenn. July 25, 2013). Based on the record before it, the Court finds that Dr. Frantz has not sufficiently explained how the documents he seeks would be admissible under the Federal Rules of Evidence at his trial.

Finally, Dr. Frantz has not met the specificity requirement. He requests production of all records related to the Medical Board's investigations of him in 2004 and any notes of its meeting with Dr. Frantz in July 2005. Dr. Frantz's broad request "seeking a complete investigative file - fail[s] to meet the specificity requirement of *Nixon*." *Hills*, 2018 WL 3036195, at *3. Against this backdrop, Dr. Frantz has not met the Rule 17(c) criteria.[1]

Because the Court has determined the documents requested do not satisfy the Rule 17 prerequisites, it need not address the Medical Board's contention that the documents sought are shielded from production under Ohio Rev. Code § 4731.22(F)(5). See *id.* at * 3 n.2.

---

[1] Dr. Frantz avers that the Court "apparently" found that he had met the *Nixon* factors when it granted his *ex parte* motion for an Order issuing a subpoena, ECF No. 59 at PageID #: 283. Defendant's averment exaggerates the Court's ruling on his *ex parte,* uncontested motion.

3

(1:19CR489)

## III. Conclusion

For the reasons explained above, the Medical Board's Motion to Quash Subpoena is granted.

IT IS SO ORDERED.

  March 12, 2020               */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                             United States District Judge