PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:19CR489-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| GARY FRANTZ, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF Nos. 60, 61] |
| | ) | |

Pending are Defendant Dr. Gary Frantz's Motion to Dismiss Counts 198, 199, 201, and

202 of the Indictment (ECF No. 60) and Motion for Disclosure of F.R.E. 404 Evidence (ECF No.

61).  The government has responded to both motions.  ECF Nos. 77, 78.  Defendant has informed

the Court that no reply briefs will be filed.  ECF No. 89.  For the reasons explained below,

Defendant's motion to dismiss is granted and the 404(b) motion is denied as moot.

## I.  Introduction

Defendants Dr. Gary Frantz and Christopher Fulk were charged in a 242-count

indictment.  ECF No. 1.  Count 1 charged Defendants with a conspiracy to distribute and

dispense controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1).  *Id.* at PageID #:

8-16.  Defendant Christopher Fulk was charged with two additional counts of distribution of a

controlled substance under 21 U.S.C. § 841(a)(1) and possession with intent to distribute a

controlled substance under 21 U.S.C. § 841(a).  *Id.* at PageID #: 17.  The remaining charges,

Counts 4-242, were brought against Dr. Frantz for either (1) distribution of controlled substances

(1:19CR489-1)

under 21 U.S.C. § 841(a)(1) or (2) possession with intent to distribute controlled substances under 21 U.S.C. § 841(a)(1).  *See id.* at PageID #: 18-30.

On July 23, 2020, the Court held a Final Pretrial Conference.  *See* Minutes of Proceedings, July 23, 2020.

## II.  Law and Analysis

### A.  Motion to Dismiss Counts 198, 199, 201, and 202

Defendant claims that Counts 198, 199, 201, and 202 of the Indictment are time-barred. For the contested counts, Defendant was charged with distribution of controlled substances under 21 U.S.C. § 841(a).  Non-capital offenses, such as the charges brought against Defendant, must be brought five years from when the offense occurred.  18 U.S.C. § 3282.  According to Defendant, these counts capture conduct that occurred more than five years before the Indictment was filed on August 14, 2019.  *See* ECF No. 1.  In other words, Defendant maintains that he is charged for acts occurring before August 14, 2014.  Specifically, Defendant notes that the conduct of Count 198 occurred on July 5, 2014 and that the conduct pertaining to the other three counts occurred on August 12, 2014.  ECF No. 60 at PageID #: 292-93; ECF No. 1 at PageID #: 27-28.

### 1. Count 198

The government concedes that Count 198 falls outside of the five-year statute of limitations and does not oppose the Court's dismissal of this count.  Accordingly, Count 198 is dismissed.

2

(1:19CR489-1)

## 2. Counts 199, 201, and 202

The government contends that the three other challenged counts are not time-barred. Although Defendant completed all the elements of the offenses before the applicable time frame, the government claims that these are "continuing offenses." The government claims that the distribution charges did not end when Defendant wrote the prescription but rather when the individual identified as M.V. received the controlled substances. *See* ECF No. 1 at PageID #: 27-28.

"The statute of limitations begins to run when the crime is complete." *United States v. Lutz*, 154 F.3d 581, 586 (6th Cir. 1998) (citations omitted). The offense "is complete when each element of the crime has occurred." *Id.* (citation omitted). "[T]he *writing* of illegal prescriptions completes all the elements of the offense prohibited by section 841(a)(1)." *United States v. Flowers*, 818 F.2d 464, 467 (6th Cir. 1987) (emphasis added). For the contested counts, the prescriptions were written on August 12, 2014, outside of the five-year statue of limitations.

An exception to the statute of limitations is for continuing offenses, or "offense[s] which span a period of time rather than a discrete act." *United States v. Bucheit*, 134 F. App'x 842, 852 (6th Cir. 2005). In order to determine whether an offense is continuing, the Court considers " whether (1) the explicit language of the relevant statutes compels this conclusion, or (2) the nature of the offenses charged is such that Congress must assuredly have intended that they be treated as continuing ones." *United States v. Del Percio*, 870 F.2d 1090, 1095 (6th Cir. 1989).

(1:19CR489-1)

The Supreme Court has cautioned that the continuing offenses doctrine should be applied "in only limited circumstances." *Toussie v. United States*, 397 U.S. 112, 115 (1970).

 First, the Court considers the language of § 841(a)(1).  Nothing in the statute suggests that it should be construed as a continuing offense.  *See United States v. Lartey*, 716 F.2d 955, 967 (2d Cir. 1983) ("The plain language of the statute indicates, therefore, that illegal distribution under § 841 is not a continuing crime.  The law instead makes each unlawful transfer a distinct offense.").  Contrary to § 841(a)(1), the Sixth Circuit has noted that 18 U.S.C. § 3284 and 22 U.S.C. § 618(e) explicitly refer to "continuing offenses."  *See Del Percio*, 870 F.2d at 1096.

Next, the Court considers the nature of the offense.  A crucial inquiry is whether the crime is "a course of conduct, not an act."  *United States v. Jones*, 533 F.2d 1387, 1391 (6th Cir. 1976).  A continuing offense is one that "perdures beyond the initial illegal act, and that 'each day brings a renewed threat of the evil Congress sought to prevent' even after the elements necessary to establish the crime have occurred."  *United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (quoting *Toussie*, 397 U.S. at 122).  Examples of continuing offenses are "conspiracy, escape, kidnapping, bigamy, and gun possession crimes."  *United States v. Banks*, 708 F. Supp. 2d 622, 624 (E.D. Ky. 2010) (citations omitted).

The undersigned has found embezzlement under 18 U.S.C. § 664 was not a continuing offense.  *United States v. Snyder,* No. 1:17CR507, 2018 WL 2289578, at *5 (N.D. Ohio May 18, 2018) (Pearson, J.).  In finding the embezzlement charge was not a continuing offense, the undersigned noted in *Snyder*: *"*While it occurred over time, it also required him to exercise restraint or to affirmatively act.  In other words, the crime was not inherently continuing." *Id.*

4

(1:19CR489-1)

As in *Snyder*, Defendant had to engage in an affirmative act each time he wrote out a prescription for the controlled substances.  *See id.*; *see also* United States v. Samson, 433 F. Supp. 3d 1046, 1053 (S.D. Tex. 2020) ("That the conduct described in the statute can sometimes be part of a covert, long-term scheme to repeatedly steal small sums of money does not unequivocally show the crime is by its nature continuing as Toussie requires.") (citations omitted); *United States v. Tackett*, No. 11–15–ART, 2011 WL 4005347, at *5 (E.D. Ky. Sept. 8, 2011) ("According to the indictment, Tackett formulated a scheme to embezzle, steal, and convert the GYRH residents' stimulus checks . . . . But in order to embezzle, steal, and convert thirty-four different checks, he would have needed to perform more than one affirmative act.").  The Court finds that the nature of Defendant's offenses were not continuing.

Although the Sixth Circuit has not considered whether a distribution offense under 21 U.S.C. § 841(a) may be a continuing offense, the Second, Third, and Ninth Circuits have squarely held that it is not.  *See* United States v. Rowe, 919 F.3d 752, 759 (3d Cir. 2019); *United States v. Mancuso*, 718 F.3d 780, 793 (9th Cir. 2013) ("[S]eparate acts of distribution of controlled substances are distinct offenses under 21 U.S.C. § 841(a), as opposed to a continuing crime, and therefore must be charged in separate counts."); *Lartey*, 716 F.2d at 967.  The government claims that these cases are distinguishable because Dr. Frantz is charged with "dispens[ing]" a controlled substance whereas the aforementioned authority only discussed "distribution."  *See* ECF No. 77 at PageID #: 377-78.  The indictment, however, provides that Dr. Frantz "did knowingly and intentionally distribute and dispense" controlled substances.  ECF No. 1 at PageID #: 27.  Additionally, *Flowers* notes: "Section 802(10) defines the term 'dispense' as

5

(1:19CR489-1)

delivery of a controlled substance to an ultimate user.  The term 'delivery' is defined in section 802(8) as the 'actual, constructive, or attempted transfer of a controlled substance....'" *Flowers*, 818 F.2d at 46.  Both "dispense" and "distribution" under §§ 802(10) and (11) respectively are defined as "to deliver" under § 802(8).  Against this backdrop, the government's purported distinction makes little, if any, difference.

Furthermore, the government's reliance on *United States v. Bucheit*, 134 F. App'x 842 (6th Cir. 2005) is unavailing.  The defendant in *Bucheit* was charged for bribing a public official in violation of 21 U.S.C. § 201(c)(1)(A).  *Id.* at 845, 852.  The defendant was "charged with accepting numerous illegal gratuities in the form of collection forbearances over an extended period of time, each in exchange for a different official act."  *Id.* at 853.  Additionally, the government had alleged that the defendant had "conferred a specific thing of value on Traficant in exchange for specific official acts within the limitations period."  *Id.*  In other words, the defendant's course of conduct of unlawfully influencing a public official continued well into the statute of limitations.  Contrary to *Bucheit*, Defendant is alleged to have committed discrete acts that ended when he wrote each prescription.  Each time he wrote a new prescription, he was engaging in a separate criminal act, not a continuing course of conduct.

Against this backdrop, the Court finds that the distribution offenses under § 841(a)(1) are not continuing offenses.  Because the offenses are outside the five-year statute of limitations, Counts 198, 199, 201, and 202 are dismissed.

(1:19CR489-1)

**B.  404(b)**

Defendant seeks evidence the government intends to use at trial under Fed. R. Evid. 404(b).  ECF No. 61.  In its response, the government claims that it: (1) does not intend to introduce any extrinsic 404(b) evidence; and (2) intends on introducing evidence of Dr. Frantz' prior treatment and prescribing to the patients identified in the indictment as intrinsic or background evidence of the distribution charges alleged in the indictment.  The motion is denied as moot.

### III. Conclusion

For the reasons explained above, Defendant's motion to dismiss Counts 198, 199, 201, and 202 is granted.  Defendant's motion to produce 404 Evidence is denied as moot.


IT IS SO ORDERED.


   July 24, 2020                                      /s/ Benita Y. Pearson
Date                                            Benita Y. Pearson
                                                United States District Judge

7